### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

JOHN HOWARD OVERSTREET                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:11cv245-MTP

WARDEN REGINA HANCOCK, ET AL.                                          DEFENDANTS

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned

United States Magistrate Judge on June 12, 2012.  Plaintiff appeared *pro se* and Tommy

Goodwin appeared on behalf of Defendant Regina Hancock.  The court scheduled this hearing

for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management

hearing; and a discovery conference.  The court's purpose in conducting the hearing is to ensure

the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due

consideration of the issues involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff's claims arose

while he was incarcerated as a post-conviction inmate at the South Mississippi Correctional

Institution ("SMCI"), where he is currently incarcerated.  Plaintiff's claims were clarified and

amended by his sworn testimony during the *Spears* hearing;[2] accordingly, only the following

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

claims remain pending before the court and no further amendments will be allowed absent a

showing of good cause so that this case may proceed to disposition:[3]

Plaintiff alleges a claim against Defendants Ron King and Regina Hancock for the denial

of medical treatment in violation of the Eighth Amendment.  Specifically, he claims he is not

receiving proper treatment for his mental conditions.  He further complains that he should not be

housed in the general population with dangerous inmates due to his mental condition.  He also

claims that he should not be assigned a top bunk, as it poses a threat of danger due to the side

effects from his medications.[4]

Plaintiff alleges a claim against Defendants Ron King and Regina Hancock for

retaliation.

Specifically, he claims that they released him from an education program at SMCI in retaliation

for his filing this lawsuit.  He further claims that this constitutes a breach of contract, as he

entered into a contract with SMCI when he entered the educational program.

Plaintiff  seeks monetary damages and the following injunctive relief: immediate release

and/or to be transferred to a federal medical center or mental hospital/institution; a proper mental

evaluation by a psychiatrist; and to be moved to a bottom bunk.

**DISCOVERY AND OTHER ISSUES**

1.      Plaintiff's *ore tenus* Motion to Amend his complaint to add a claim against Dr.

---

[3]The court makes no finding as to whether such claims are meritorious at this time.
Moreover, this summary of claims is not meant to be an exhaustive recitation of the facts alleged
at the hearing in support of the claims.

[4]Plaintiff also alleged that the Defendants violated the Americans with Disabilities Act
("ADA").  However, as Plaintiff failed to state a claim for a violation of the ADA, that claim will
be dismissed by separate order.

Kumar for the denial of adequate medical treatment is denied.  The court finds that the amendment would be futile, as Plaintiff's allegations against Dr. Kumar fail to amount to a constitutional violation.  Plaintiff testified that he sees Dr. Kumar, a psychiatrist, about once a month, and that he provides him with medication and counseling.  However, Plaintiff testified that he disagrees with the medications prescribed by Dr. Kumar because he claims they do not help him and/or make him sleepy/groggy.

The medical records produced by Defendants confirm that Plaintiff has seen Dr. Parveen Kumar regularly (approximately every three months) for the past two years, in addition to other nurses, doctors, and healthcare providers.  Dr. Kumar has prescribed Plaintiff medication and treatment, and when requested by Plaintiff, has discontinued Plaintiff's medications.  Indeed, based on the records produced by Defendants, during Plaintiff's most recent visit with Dr. Kumar on May 1, 2012, he reported that he had not been taking his medications and wanted to discontinue them.  He denied having depressive or psychotic symptoms.  Dr. Kumar instructed Plaintiff to discontinue his current medications and return to the clinic in one month.

Based on Plaintiff's testimony and the record before the court, Dr. Kumar should not be added to this lawsuit, as Plaintiff's claims against him fail to amount to a constitutional violation.  While Plaintiff disagrees with the treatment provided by Dr. Kumar, he has failed to show that he was deliberately indifferent to Plaintiff's serious medical needs.  *See Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) ("Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain.").  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)

(quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).

Moreover, Plaintiff's "disagreement with medical treatment does not state a claim for Eighth

Amendment indifference to medical needs[,]" *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.

2001), and negligent conduct by prison officials does not rise to the level of a constitutional

violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).

2.      Plaintiff's [25][27] Motions to Amend to add Ron King as a Defendant and for

other miscellaneous injunctive relief are granted in part and denied in part.  The Motions

[25][27] are granted to the extent Plaintiff seeks to amend his complaint to add Ron King as a

Defendant and to include claims against him for retaliation and the denial of adequate medical

care as discussed above, and to include the following claims for injunctive relief: to be

transferred to a federal medical center or other mental institution, to be moved to a bottom bunk,

and for proper medical treatment.  The remaining relief requested in the motions, including

Plaintiff's request for immediate injunctive relief, is denied and will be addressed further under

separate order.

3.      The Defendants are directed to produce to Plaintiff copies of the following:

Plaintiff's medical records; any records or documents regarding the educational programs

offered at SMCI, including the documents relating to Plaintiff's entry into, participation in, or

exclusion or release from same.  The Defendants produced a copy of Plaintiff's medical records

from SMCI to the court and to Plaintiff during the hearing.  The Defendants are directed to

produce the remaining documents and information ordered above within thirty days and shall file

a notice of service of same.

4.       Plaintiff executed a medical release.  Defendants are directed to produce to

Plaintiff any records received pursuant to said release.

5.      The Defendants are directed to produce to the undersigned a copy of any MDOC policy regarding housing and/or classification for inmates with mental problems/conditions within ten days.

6.      There are no other discovery issues pending at this time.  The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rule of Civil Procedure 26(b)(1).  The parties shall not propound additional discovery requests unless leave of court is requested and obtained.

7.      Honorable Tommy Goodwin, counsel for Defendant Hancock, indicated he would make an appearance on behalf of Defendant Ron King.  Mr. Goodwin shall enter an appearance for Mr. King within ten days.  Otherwise, process will be issued and served upon Mr. King.

8.      The deadline for filing motions (other than motions *in limine*) is October 15, 2012.

9.      Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without further notice to Plaintiff.

SO ORDERED AND ADJUDGED this the 15th day of June, 2012.

s/ Michael T. Parker
United States Magistrate Judge