IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN HOWARD OVERSTREET**                                                           **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO. 2:11cv245-MTP**

**WARDEN REGINA HANCOCK, ET AL.**                                  **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on the Plaintiff's [73] Motion for Injunctive Relief and Motion to Relocate [78]. Having considered the motions and the applicable law, the court finds that the Motions [73][78] should be DENIED.

In his Motions [73][78] Plaintiff requests to be transferred from the South Mississippi Correctional Institution, to be moved to a bottom bunk, and to be released from prison. He claims he is mentally ill and should not be housed in the general population. He further claims he should be assigned a bottom bunk due to side effects from his medication. Plaintiff has previously filed several motions requesting similar relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and

has failed to show a substantial threat that failure to grant the requested relief will result in irreparable injury.  Moreover, it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct.  *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979).  The court will rarely involve itself in decisions relating to where inmates should be housed.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional right to be incarcerated in a certain facility or unit); *Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002).  Here, Plaintiff has failed to offer sufficient evidence that the Defendants' actions regarding his housing and medical treatment are patently unreasonable such that injunctive relief would be appropriate.  This ruling is not to be construed as a dismissal of the claims asserted by Plaintiff, only a denial of relief at this stage of the proceedings.

    IT IS, THEREFORE, ORDERED:

    That Plaintiff's Motions [73][78] for injunctive relief are DENIED.

    SO ORDERED this the 7th day of September, 2012.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge