IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOHN HOWARD OVERSTREET                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 2:11cv245-MTP

WARDEN REGINA HANCOCK, ET AL.                                   DEFENDANTS

## ORDER

THIS MATTER is before the court on the Plaintiff's *Ore Tenus* Motion to Appoint

Counsel, Motion for Appointment for a Trustee/Guardian/Advocate Ad Litem [79], and Motion

to Appoint Counsel [99].  Having considered the motions, the court finds that they should be

denied.

Plaintiff's motions to appoint counsel should be denied for the same reasons set forth in

the court's Order [46] denying his previous Motions [15][16] for counsel.  Plaintiff has also filed

a Motion for Appointment for a Trustee/Guardian/Advocate Ad Litem [79].  In support of the

motion, he merely states that he knows he does not have a right to counsel under the Sixth

Amendment and he is in "serious need" of a guardian ad litem.  *See* Motion [79].

"A minor or an incompetent person who does not have a duly appointed representative

may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad

litem--or issue another appropriate order--to protect a minor or incompetent person who is

unrepresented in an action." Fed. R. Civ. P. 17(c).  An individual is "incompetent" under Rule

17 if "they lack the capacity to litigate under the law of [their] domicile." *Magallon v.*

*Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citation and quotation omitted).

While Plaintiff may indeed have mental problems, he has failed to show that he lacks the

capacity to litigate.  *See Magallon*, 453 F.3d at 271-72 (denying plaintiffs' motion for appointment of a guardian ad litem, reasoning that although inmate was a "very troubled individual," he was able to "care for his own interests in [his] litigation").  Plaintiff has proclaimed himself to be mentally incompetent and legally insane in other pleadings[1] and claims he has been in and out of several mental institutions, but has produced no verifiable evidence to suggest that he is unable to proceed on his own behalf.  *See Gamble v. Rowles*, No. 5:12–cv–166 (MTT), 2012 WL 2088927, at *4 (M.D. Ga. June 8, 2012) (denying plaintiff's motion to appoint a guardian ad litem where he failed to "reference any court order or other verifiable evidence of his incompetency").  There is no evidence that Plaintiff has been found mentally incompetent by any court order; indeed, Plaintiff complains in prior pleadings that he should have been found incompetent to stand trial in his criminal case but the court failed to provide him with a competency hearing.  *See* Complaint [1].

The court conducted an omnibus hearing where Plaintiff was given the opportunity to explain and clarify his claims and the court assisted him in obtaining discovery to support his claims.  Thus far, Plaintiff has been capable of communicating his position and caring for his interests in this litigation.  Accordingly,

IT IS, THEREFORE, ORDERED:

1.	Plaintiff's Motions to Appoint Counsel [99] are DENIED.

2.	Plaintiff's Motion for Appointment for a Trustee/Guardian/Advocate Ad Litem [79] is DENIED.

---

[1]*See, e.g.*, Motions [25], [52], [104].

3.      It is Plaintiff's responsibility to keep the court informed of his current address.

Plaintiff's failure to do so will be deemed as a purposeful delay and contumacious act by the

Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 13th day of September, 2012.

s/ Michael T. Parker
United States Magistrate Judge