# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

JOHN HOWARD OVERSTREET                                                            PLAINTIFF

VS.                                                           CIVIL ACTION NO. 2:11cv245-MTP

WARDEN REGINA HANCOCK, ET AL.                                     DEFENDANTS

## ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [84] and the Motion for Prison Release Orders [97] filed by Plaintiff. Having considered the motions and the applicable law, the court finds that the Motions [84][97] should be DENIED.

In his Motion for Summary Judgment [84], Plaintiff complains that he was moved from Area I to Area II at SMCI, which he claims is unsafe. He claims that he was moved to Area II in retaliation for filing this lawsuit. First, this claim is not a part of Plaintiff's action. *See* Omnibus Order [68] and Order Amending Omnibus Order [102] (setting forth claims pending in this action). Secondly, Plaintiff has since been transferred back to Area I; thus, this issue appears to be moot. *See* Change of Address [141].

Plaintiff further argues that he should not be housed with the general inmate population due to his mental illness. Plaintiff fails to offer any competent summary judgment evidence in support of his motion. Instead, he simply rehashes the claims alleged in his complaint and at his omnibus hearing.

Summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless

he has done so, the court may not grant the motion . . . ." *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Plaintiff has failed to meet this burden. Accordingly, his motion should be denied.

In his Motion for Prison Release Orders [97], Plaintiff complains that SMCI is overcrowded and asks that he be released. First, Plaintiff has not alleged a claim in this matter that SMCI is overcrowded. *See* Omnibus Order [68] and Order Amending Omnibus Order [102]. Morever, the sole remedy for an inmate challenging the very fact or duration of his physical imprisonment and seeking a determination that he is entitled to immediate release or a speedier release from that imprisonment is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, Plaintiff's Motion [97] should be denied.

IT IS, THEREFORE, ORDERED:

That Plaintiff's Motion [84] for Summary Judgment and Motion for Prison Release Orders [97] are DENIED.

SO ORDERED this the 6th day of February, 2013.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge