**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JOHN HOWARD OVERSTREET**                                    **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 2:11cv245-MTP**

**WARDEN REGINA HANCOCK, ET AL.**                          **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [134] filed by the Defendants.  Having reviewed the submissions of the parties and the applicable law, the court finds that the Defendants' Motion for Summary Judgment [134] should be granted and that this action should be dismissed with prejudice.

### FACTUAL BACKGROUND

Plaintiff John Howard Overstreet, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on December 8, 2011.  Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendants Ron King and Regina Hancock for the denial of medical treatment, retaliation, and breach of contract.  *See* Omnibus Order [68].  Plaintiff further alleges that Defendant Ron King violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  *See* Order Amending Omnibus Order [102].

The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Plaintiff's *Spears* hearing took place on June 12, 2012.

at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated.[2]
Plaintiff seeks monetary damages and the following injunctive relief: immediate release and/or
to be transferred to a federal medical center or mental hospital/institution; a proper mental
evaluation by a psychiatrist; and to be moved to a bottom bunk.[3]

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most
favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material
fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161,
1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a
genuine issue concerning any material fact, summary judgment must be denied. *John v.
Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a
question of law that this court must decide, and in making that decision, it must "draw inferences
most favorable to the party opposing the motion, and take care that no party will be improperly
deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy
regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871,
902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d
1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97

---

[2] Plaintiff's tentative release date is June 12, 2013. *See* http://www.mdoc.state.ms.us/
InmateDetails.asp?PassedId=49188 (last visited February 12, 2013).

[3] In numerous other pleadings, including his complaint, Plaintiff attempts to attack the legitimacy
of the sentence, plea, and conviction leading to his confinement. He also asks for his immediate
release. *See*, *e.g.*, [1][36][40][159][169]. However, these claims are habeas in nature and are not
properly before the court in this matter brought under 42 U.S.C. § 1983.

(5th Cir. 1994), are not enough to create a real controversy regarding material facts.  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983.  However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents."  *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted).  The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

*Denial of Adequate Medical Treatment*

Plaintiff alleges a claim against Defendants Ron King and Regina Hancock for the denial of medical treatment in violation of the Eighth Amendment.  Specifically, he claims he is not

3

receiving proper treatment for his mental conditions.  He further complains that he should not be housed in the general population with dangerous inmates due to his mental condition.  He also claims that he should not be assigned a top bunk, as it poses a threat of danger due to the side effects from his medications.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain."  *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."  *Farmer*, 511 U.S. at 838.  Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Davidson*, 91 F. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  *Mendoza v. Lynaugh*, 989 F.2d

4

191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

According to the affidavits of Ron King (SMCI Superintendent) and Regina Hancock (former Warden at SMCI), they have no involvement with the health care administered to inmates at SMCI; health care decisions are solely within the discretion of the appropriate health care and mental care professionals caring for the inmates. *See* Ex. B [134-2] and C [134-3] to Motion. Plaintiff has failed to demonstrate that Mr. King or Ms. Hancock were personally involved in the alleged denial of adequate medical treatment, or that they implemented an unconstitutional policy that causally resulted in an injury to Plaintiff. Accordingly, Plaintiff has failed to establish a constitutional violation by these Defendants. *See Johnson v. Scott,* 31 F. App'x 836, 2002 WL 243359, at *1 (5th Cir. Jan. 23, 2002); *Stewart v. Murphy,* 174 F.3d 530, 536 (5th Cir.1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Hailey v. Savers,* 240 F. App'x 670, 672 (5th Cir. 2007) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job

assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]").

Moreover, the record reflects that on Plaintiff's November 11, 2011, visit with Dr. Kumar, the psychiatrist, he reported that he was feeling fine and did not need medication anymore and that he was going to stop taking his prescribed medication. Plaintiff reported no homicidal or suicidal ideations, no problems with sleep or appetite, and Dr. Kumar noted that Plaintiff appeared stable. *See* Ex. A to Motion [134-1].

Additionally, as noted in the court's Omnibus Order [68], Plaintiff testified that he sees Dr. Kumar about once a month, and that he provides him with medication and counseling. However, Plaintiff testified that he disagrees with the medications prescribed by Dr. Kumar because he claims they do not help him and/or make him sleepy/groggy.

The medical records produced by Defendants during the omnibus hearing confirm that Plaintiff has seen Dr. Parveen Kumar regularly (approximately once every three months) for the past two years, in addition to other nurses, doctors, and healthcare providers. Dr. Kumar has prescribed Plaintiff medication and treatment, and when requested by Plaintiff, has discontinued Plaintiff's medications. Indeed, based on the records produced by Defendants, during Plaintiff's most recent visit with Dr. Kumar on May 1, 2012, he reported that he had not been taking his medications and wanted to discontinue them. He denied having depressive or psychotic symptoms. Dr. Kumar instructed Plaintiff to discontinue his current medications and return to the clinic in one month. *See* Omnibus Order [68].

Based on Plaintiff's testimony and the record before the court, it appears that Plaintiff is receiving medical treatment, but disagrees with the treatment provided. *See Norton*, 122 F.3d at

6

292 ("disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs").  There is no competent summary judgment evidence before the court that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff's numerous responses[4] in opposition to Defendants' Motion [134] fail to create a genuine issue of material fact.  Plaintiff quotes the standard for deliberate indifference and cites to numerous cases, but does not address the issues above.  *See* Motion/Response [140].  He mentions his mental illness and states that he does not believe the medication he is prescribed is effective, but also addresses other ailments not even mentioned at the omnibus hearing (i.e., hypertension, heart murmur, asthma, heart/chest pains, vision problems, tuberculosis, and headaches).  *Id*. at 3, 10.

In the majority of his responses Plaintiff attacks the court, the Defendants' lawyers, and MDOC staff; complains that he was not informed of Warden Hancock's retirement and that she should not be able to be represented by the State due to her retirement; complains that Ron King's name does not appear on the original consent form [66];[5] and argues that he is innocent of the crime for which he is imprisoned.  Accordingly, Defendants are entitled to judgment as a matter of law as to Plaintiff's claims that Defendants have been deliberately indifferent to his medical needs.

---

[4] Plaintiff filed approximately seven responses in opposition to the motion.  *See* Responses [137][138][139][140][145][147][150].
[5] Ron King was added to the suit after the original consent form was signed. The Defendants' counsel has now signed the consent form for Ron King.  *See* Amended Consent [167]. Thereafter, the District Judge once again reassigned this matter to the undersigned for final disposition.  *See* Order [168].

*Retaliation/Breach of Contract*

Plaintiff alleges a claim against Defendants Ron King and Regina Hancock for retaliation.  Specifically, he claims that they released him from an education program at SMCI in retaliation for filing this lawsuit.  He further claims that this constitutes a breach of contract, as he entered into a contract with SMCI when he entered the educational program.

To prevail on claim of retaliation, Plaintiff must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  Plaintiff "must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. Mere conclusionary allegations of retaliation are insufficient; Plaintiff must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred."  *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted).

To prove causation, Plaintiff  must show that "but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (internal citations and quotations omitted).

According to the affidavits of Ron King and Regina Hancock, they have no involvement with the enrollment in the Academic and Vocational Programs at SMCI; enrollment decisions are solely within the discretion of the staff assigned to the Academic and Vocational Programs. *See* Ex. B [134-2] and C [134-3] to Motion.  Their affidavits further reflect that Plaintiff was moved administratively in February 2012, because he reported having problems with other

8

inmates. *Id.*  Plaintiff's offender log reflects that he was moved on February 16, 2012: "Offender is being moved to E1 or E2 and referred to Mental Health due to correspondence which he claims he is 'mentally disturbed.'"  *See* Ex. E [134-5] to Motion at 5.

The affidavit of Sarah James, Director of the Academic and Vocational Programs at SMCI, states that Plaintiff was enrolled in the Adult Basic Education class in Area I on October 31, 2011.  He was removed from the class roster on March 6, 2012, due to an administrative move (although the administrative move actually took place on February 16, 2012).  *See* Ex. D to Motion [134-4].   Ms. James stated that an administrative move occurs because of security or institutional order, both of which take precedence over education.  The area where Plaintiff was moved did not offer the same class.  Finally, Ms. James stated that she has never had a conversation with Mr. King or Ms. Hancock concerning Plaintiff.  *Id.*

In Plaintiff's responses to the Motion [134], he disagrees that he was moved due an "administrative move."  Rather, he claims there was a conspiracy to move him in retaliation for filing this lawsuit, and calls the Defendants and their counsel "liars."  *See* Motion/Response [140].

Plaintiff has failed to allege more than a personal belief that Defendants released him from the education program in retaliation for filing the instant lawsuit.  To the contrary, Defendants have stated the reason Plaintiff was removed from the program.  Moreover, Plaintiff has no constitutional right to educational programs and has no right to be housed in a particular facility.  *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Miles v. Windham Sch. Dist.*, 78 F. App'x 418, 419 (5th Cir. 2003); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also*

*Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002). Thus, Ron King and Regina Hancock are entitled to judgment as a matter of law as to Plaintiff's retaliation claim.  *See Jones*, 188 F.3d 325.

Further, Plaintiff's claim that Defendants breached a contract by removing him from an education program should be dismissed.  As stated above, Defendants have no involvement with enrollment in the educational programs at SMCI and Plaintiff has not demonstrated that such a contract exists.

*ADA Claims*

Plaintiff alleges that Defendant Ron King violated the ADA, 42 U.S.C. § 12101 *et seq*. Specifically, Plaintiff testified that he is "covered" under the ADA and Ron King is violating the ADA by housing him in the general population with dangerous inmates.  Plaintiff claims he is disabled within the meaning of the ADA due to his mental impairments, which include paranoid schizophrenia with psychosis.

"The ADA is a federal anti-discrimination statute designed 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting *Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 261 (5th Cir. 1999) (footnote omitted)).[11]  Title II of the ADA provides that "no qualified individual with a disability shall, by

---

[11]Certain portions of the ADA were amended by the ADA Amendments Act of 2008 (the "ADAAA"), effective January 1, 2009.  *See* Pub. L. No. 110-325, 122 Stat. 3553 (2008).  For example, the ADAAA amended the definition of disability.  The U.S. District Court for the Middle District of Louisiana summarized the amendment to that definition as follows:

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132.  In order to establish a cause of action under Title II of the ADA,

Plaintiff must establish:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being
> excluded from participation in, or being denied benefits of, services, programs, or
> activities for which the public entity is responsible, or is otherwise being discriminated
> against by the public entity; and (3) that such exclusion, denial of benefits or
> discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).  State prisons fall

within the definition of "public entity" under the ADA.  *See Pennsylvania Dep't of Corrections*

*v. Yeskey*, 524 U.S. 206, 210 (1998).

The term "disability" is defined as "(A) a physical or mental impairment that

substantially limits one or more major life activities of such individual; (B) a record of such an

impairment; or (C) being regarded as having such an impairment (as described in paragraph

(3))." 42 U.S.C.A. § 12102(1).  "[M]ajor life activities include, but are not limited to, caring for

oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting,

---

The ADAAA essentially maintains the language of the original three prongs of
the definition of disability: a physical or mental impairment that substantially
limits one or more life activities; a record of such impairment; or being regarded
as having such impairment, but it adds provisions to clarify several elements of
the definition and reject Supreme Court decisions that narrowed the broad scope
of protection Congress intended to be afforded by the ADA.

*Schmitz v. Louisiana*, No. 07-891-SCR, 2009 WL 210497, at *2, n.4 (M.D. La. Jan. 27, 2009).

As Plaintiff's claims occurred after January 1, 2009, his claims are subject to the
ADAAA.

bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C.A. § 12102(2)(A).  The definition of disability "shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C.A. § 12102(4)(A).

Plaintiff alleges he has the following mental impairment: paranoid schizophrenia with psychosis.  However, Plaintiff has not alleged in his complaint (as amended by his sworn *Spears* testimony) that his mental impairments substantially limit one or more major life activities. Accordingly, Plaintiff fails to meet the definition of disability as set forth in paragraph (A).

Plaintiff also fails to meet the definition set forth in paragraph (B).  While there is a record of Plaintiff's mental impairments, Plaintiff has pointed to nothing in the record stating that such impairments substantially limit one or more of his major life activities.  Finally, Plaintiff has failed to show that Defendants regarded him as having such an impairment, as required by paragraph (C).

Plaintiff's responses fail to create a genuine issue of material fact.  While he argues that he has mental impairments and that there is a record of his mental impairments, he fails to create a genuine issue of material fact as to whether such impairments substantially limit one or more major life activities, or whether he otherwise meets the disability definition under paragraphs (B) and (C) of the statute.  Moreover, he claims in his response that he has physical impairments not mentioned in the omnibus hearing.  *See* Motion/Response [140] at 18.  During the omnibus hearing, he testified that he believed he was "covered" under the ADA because of his paranoid schizophrenia with psychosis.

12

Plaintiff also argues that he is being denied access to an educational program in violation of the ADA; no such claim is pending in this action. *See* Motion/Response [140]; Omnibus Order [68]; Order Amending Omnibus Order [102]. As stated above, in his complaint he alleges that he was released from the educational program in retaliation for filing this lawsuit. He also mentions the Rehabilitation Act; again, no such claim is pending before the court. *Id.*

Based on the foregoing, Plaintiff has failed to show that he is entitled to relief under the ADA. Accordingly, Ron King is entitled to judgment as a matter of law on Plaintiff's ADA claims.

CONCLUSION

Based on the foregoing, Defendants are entitled to judgment as a matter of law and this action should be dismissed.[5] Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendants' Motion for Summary Judgment [134] is GRANTED and that this action is dismissed with prejudice.

All other pending motions are denied as moot, including the following motions filed by Plaintiff: [104] MOTION to Suppress Past Criminal History, [110] Motion to Suppress, Motion for Mental Examination, [111] Motion for Issuance of Writ to Institute Mental Health Hearing and Insanity Proceedings, [113] Motion for Restraining Order and Federal Protective Order, [120] [121] Motions for Default Judgment, [130] Motion for Order to Stop Further Delay, [140]

---

[5]Because the court concludes that there is no genuine issue as to whether Defendants violated Plaintiff's constitutional rights, it declines to address the arguments regarding qualified immunity.

Motion for Judgment on the Pleadings, [153] Motion for Trustee or Guardian ad Litem, Motion

to Appoint Counsel, [158] Motion to Add the Post Office Downtown Leakesville as a Party to

the Case, [161] Motion for Class Action, [166] Motion to File Habeas Corpus and Lamar County

Sheriff's Department, and [173] Motion to Appoint Counsel and to Hospitalize.

A separate judgment will be entered.

SO ORDERED this the 22nd day of February, 2013.

s/ Michael T. Parker
United States Magistrate Judge

14